COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Joseph D'Wayne Gearring v. Cheri Rochelle Harmon

Appellate case number:    01-19-00476-CV

Trial court case number:  2008-47423

Trial court:              245th District Court of Harris County

On August 8, 2019, appellant, Joseph D'Wayne Gearring, filed an 11-page pro se brief with some, but not all, of the sections that are required by the Texas Rules of Appellate Procedure. However, appellant's brief has no citations to the clerk's record or an appendix, filed in this Court on July 3, 2019, no identity of parties and counsel page, no signature page, no certificate of compliance with the word/page limit, and no certificate of service on the appellee. *See* TEX. R. APP. P. 9.4(i)(2)(B), (3), 9.5(e), 38.1(a), (g), (i), (k). The Clerk of this Court filed this document as a brief even though it does not comply with the Texas Rules of Appellate Procedure for briefs.

Accordingly, the Court sua sponte **STRIKES** this brief because it does not comply with Texas Rules of Appellate Procedure 9.4, 9.5, and 38.1. *See* TEX. R. APP. P. 9.4(i)(2)(B), 9.5(e), 38.1(a)-(k), 38.9(a). The Court **ORDERS** appellant to refile the brief to conform with Rule 9.4 with an identity of parties and counsel page after the cover page, citations to the clerk's record in the statement of facts and argument sections, such as "(CR __)," a signature page at the end of the brief, which is 15,000 words or less if computer-generated, or 50 pages or less if not, with a certificate of compliance with this word/page limit, and a certificate of service on the appellee. *See* TEX. R. APP. P. 9.4(i)(2)(B), (3), 9.5(e), 38.1(a), (g), (i), (k).

Specifically, the amended brief also should comply with Rule 38.1 by containing the following sections, in the following order or otherwise:

(1)    a list of all the parties to the trial court's judgment and addresses of all trial and appellate counsel;
(2)    a table of contents;
(3)    an index of authorities;

(4) a brief statement of the case with references to the appellate record;

(5) a statement regarding oral argument, with any request on the front cover of the brief;

(6) a list of the issues presented for appeal;

(7) a statement of facts supported by record references;

(8) a summary of the argument;

(9) a clear and concise argument for the contentions made with appropriate citations to legal authorities and the clerk's record;

(10) a short conclusion clearly stating the nature of the relief sought; and

(11) an appendix, if necessary.

TEX. R. APP. P. 38.1(a)-(k).

The amended brief must conform with Rule 38.1 by including the sections above and containing all necessary references to the clerk's record filed with this Court or legal authorities, plus the identity of parties and counsel page, the signature page, certificate of compliance, and certificate of service on appellee. *See* TEX. R. APP. P. 9.4(i)(2)(B), (3), 9.5(e), 38.1(a)-(k), 38.7, 38.9(a). If appellant has not yet received the clerk's record, appellant is directed to contact the Clerk of this Court immediately. If necessary, appellant may file an appendix, either separately or after the end of the amended brief, with any relevant documents, and the appendix and section headings above are not included in the word count for the certificate of compliance. *See* TEX. R. APP. P. 9.4(i)(1), (3), 38.1(k).

Finally, appellant's amended brief is due to be filed with this Court **no later than 30 days of the date of this Order**. *See* TEX. R. APP. P. 38.6(a), (d), 38.7. Appellee's brief, if any, will be due no later than 30 days after the filing of appellant's amended and compliant brief. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.

Judge's signature: _____/s/ Laura C. Higley__

☑Acting individually    ☐ Acting for the Court

Date: ___August 13, 2019__

2